## Commonwealth v. Christman

*Edward G. Wink*, assistant district attorney, for Commonwealth.

*Emanuel Weiss*, for defendant.

HESS, J., December 2, 1949.—Defendant Henry R. Christman was arrested by an officer of the Pennsylvania State police, charged with violating the authorized speed limit of 50 miles per hour established under The Vehicle Code. The hearing before a justice of the peace was waived.

The arresting officer testified that on September 18, 1949, he followed the car driven by defendant on Route 122, commonly called the Pottsville Pike, for the distance required by law and clocked him at 62 miles per hour. The certificate of speedometer accuracy concerning the arresting officer's car was produced by the Commonwealth and admitted into evidence. Defendant testified in his own behalf and stated that he was not driving over 50 miles per hour and was corroborated by his wife, a passenger in the car at the time of the arrest. Defendant also produced a certificate of speedometer accuracy which indicated that on the day following the arrest the speedometer on his car was "10 percent fast at all speeds". In other words, when

the speedometer registered 50 miles per hour he was in fact traveling at a speed .10 percent slower.

At the hearing certain alleged technical errors were raised by the defense relating to the certificate of speedometer accuracy submitted by the Commonwealth. The trial judge has been advised by counsel for defendant that he is satified that the objections are without merit and are not being pressed. The question remains whether the Commonwealth has established by the evidence beyond a reasonable doubt as required by law that defendant did in fact exceed the speed limit of 50 miles per hour.

Shortly before the arrest, defendant's car passed the car of the arresting officer as it was parked along the highway. At that time defendant testified he looked at his speedometer and saw that he was not driving over 50 miles per hour. He testified that he did not increase his speed from that time up to the time the arrest was made. Defendant's wife corroborated her husband's testimony. The officer testified that another car was preceding defendant's car and that after clocking the latter he proceeded to pass defendant for the purpose of clocking the other car, but that the driver of the other car slowed down in the meantime and was not clocked at driving over the legal speed limit. From the testimony it is not clear at what point the officer began to clock the speed of defendant. He did testify that the clocking was done over the one-quarter mile distance required by law, but it would appear that some of this distance may have included part of the distance covered by the officer in coming up to a position near defendant's car. At the time the officer first observed the car of defendant and the other car preceding it, the officer's car was stopped along the highway. In order to overtake the cars he was following the arresting officer was, of course, required to drive at a speed faster than that of the vehicles he was pursuing. Fur-

thermore, apparently the police car passed defendant's car because the officer desired to clock the speed of the first vehicle and, if the speed of his car at that time was 62 miles per hour, the speed at which defendant's car was being driven was certainly somewhat less.

Under all the evidence the court cannot be satisfied beyond a reasonable doubt that defendant was driving at a speed greater than the limit authorized by law. This being a criminal case we are required to give the benefit of such doubt to the defendant and acquit him.

And now, to wit, December 2, 1949, the prosecution against Henry R. Christman is dismissed for the reasons cited in the foregoing opinion.